Judge Mills
delivered the opinion of the court.
The proceedings in this cause are somewhat anomalous and singular, as to the remedy attempted to be given to the party applying for relief. The complainant (if such he can be called) gave a notice to the opposite party on certain days he should proceed to take depositions to be read, on a motion in the court below, which motion was to be made on a set day of the term, to correct a mistake in the report of a master commissioner, and in a decree of the court made thereon, caused by the commissioner having deducted a large quantity of land, to wit: 823 acres, which ought not to have been deducted from the just quantity of the land sold to the defendant by him. On the service and return of this notice the parties appeared—the motion was agreed—the court took time to consider thereof, and at a subsequent term, previous to any opinion being rendered, a suggestion is made on the record of the death of the defendant in the motion, and an order that it be revived against his heirs—and thereupon the present appellee filed a bill of revivor, stating that there was a mistake made in the master commissioner’s report “in that cause” without saying what cause or what decree; and then proceeds to state, that the mistake was made, in the master commissioner leaving out of the calculation 823 acres of land, which made a difference of $1588 against the then complainant. He next sets forth the death of the opposite party, and the names of his heirs, and prayed that "that suit” might be revived against them, and that the heirs as defendants, might be compelled to pay the full amount of money due him. Afterwards at a subsequent term, be filed by leave of the court, a bill of review in the same case, in which he states “that at the last March term a decree was pronounced in his favor against a certain James Hendrix, the opposite party, for the sum of $2696, founded upon a report of a master commissioner, in making up which report the master commissioner erred in deducting 823 acres of land from the amount which he was to be paid for, which mistake produced a mistake of $1589 against him, as would appear by the affidavit of Thomas Campbell, the surveyor, which was made a part of the bill. He then prayed that the cause might be opened, a bill of review granted, aud such decree *463 entered as would be consistent with equity. The affidavit filed and made part of the bill, stated “that the true quantity of acres of land made by him on a resurvey, included within the bounds of Gen. Clay’s patent, assignee of William Mayo, jr. for five hundred acres of land, lying on the Kentucky and Station Camp, within the present limits of Estill county, after deducting two surveys of James Estill’s heirs, one of 100 acres, the other of 400 acres, and James Reed’s survey of 300 acres, was 4177 acres, three roods and sixteen poles, as might be seen in his report of the survey of said lands, under an order of survey from the Woodford circuit court to him directed. To these proceedings the heirs of Hendrix appeared and pleaded "that the matters and things in the said bill of review alledged and prosecuted, was finally adjudged and determined in the former suit, referred to in the bill of review, and a final decree was pronounced thereon in said suit, which decree was entered and enrolled according to the rules and usages of court.” To this the complainant, now appellee, made replication, “that there was error in the original decree sufficient to authorise the court to open the same.”—To the same bill of review the appellants also demurred, and the appellee filed a formal joinder, as in an action at law.
The court overruled the demurrer, and at once decided that there was a mistake in the report of the master commissioner, making the quantity of lands sold by the complainant to the defendants' ancestor three thousand three hundred and sixty-two acres, when it was really 4185 which was to be paid for, after deducting the several tracts agreeable to the original agreement between them, which made a difference of $1588 66 against the complainant; the sum reported by the commissioner, to be due on the 27th March, 1817, being 2696 dollars 29 cents, when it should have been $4285 05 due on that day. The court then proceeded to decree the sum last named to the appellee, with interest from the last named date, and the costs of this and the original suit, and that the appellee have a lien on the lands for the payment of the money, and that the appellee have leave to sue out his execution to be levied on the land or other estate. But that upon payment of the sum, then the appellee should convey the land mentioned within the boundaries of the survey and patent of said appellee, assignee of William Mayo, jr. filed in the cause, the tract *464 purchased by James Hendrix of Green Clay, referred to in the bills, answers and papers in the cause, except the tract of James Reed of 300 acres, including a surplus of 23 acres, and the two tracts of James Estill patented to his heirs.
A replication in chancery should not conclude with an issue to the court, but with a traverse of the relief sought. There should be no joinder in demurrer in chancery, but the cause set down for hearing.
After the term at which a decree is rendered has passed, no alteration can be made on motion, except for clerical misprisions.
A bill of revivor will not lie to revive a motion.
Bills of review are of two kinds—for matter de hors the former suit, as the discovery of matter not put in issue in a former suit, or of the discovery of testimony of a permanent unerring nature, pertinent to the former issue.
From this decree the heirs of Hendrix appealed, and have questioned, by the assignment of errors, the regularity the proceedings and merits of the decree.
The proceedings in this cause pay no compliment to the inventor and are without a precedent. We will not take up time in descanting upon the replication in chancery, concluding with an issue to the court, like the replication to the plea of nul tiel record at common law, instead of replying to the fact of a mistake, nor upon the joinder in demurrer, instead of setting it for argument, which is the only joinder necessary. Nor will we detain long on the propriety of the attempt to amend a decree by motion, and increase it largely, when it has been so often decided that when a decree or judgment is rendered, and the time of its rendition over, no amendment on motion can be extended farther than to clerical misprisions in affirmance of the judgment or decree. Neither can we hesitate longer on a bill of revivor filed to revive a motion, than to wonder at its novelty. For that bill asks not to revive the former decree, or any decree, but barely to revive that suit, when all suit that was then pending was a motion to amend the decree. It is clear that the appellee can have no benefit from these proceedings, and to state their existence will refute their effect.
We will, however, draw our attention to the bill of review, as the sole question entitled to our consideration.—Bills of review are of two kinds, to wit, first for, or on account of, the discovery of new matter not put in issue in the former suit, or of evidence of a permanent and unerring nature, pertinent to points then in issue: And secondly, on matter or error apparent on the face of the former decree, for which it may be reviewed. It is somewhat difficult to conjecture (for we have no other means then conjecture) to which class the present bill belongs. For if it belongs to the first, it was probably, as much in the power and knowledge of the party at the time of the former decree as it was since; and there is no reason shewn why it was not then produced. The nature of the evidence contained in the affidavit is such that it could not now be admitted *465 as the basis of a bill of review; because it consisted in parol testimony to points before probably in issue. We say probably, for the appellee has not informed us what was really then in issue. The affidavit, however, refers to a report formerly, or at some time, made by the surveyor, by order of the court. If that report was in a different cause, the evidence was verbal only. If it was made in the original cause, then the fact was in the record of the former suit, and the bill of review ought to have been founded on the record for error apparent on the face of the decree, and of course would have belonged to the latter of the afore named classes. If it does not belong to this class, it ought to have set out the history of the former cause—the matter in issue, and existence of the error, and how it existed. Instead of this, we are not even favored with the proceedings and decree of the former suit, by their being made part of the bill in this. In short, the bill of review is too vague and uncertain to enable us to determine to which class it belongs; and it is wholly insufficient to admit of relief, be it which it will. There is the bare allegation of a mistake, without any account how it was made, or in what it consisted.
As for error apparent in the record of the former suit, and for which the decree may be reversed—Bills of the first sort should set forth what was the points in issue in the old suit:—bills of the second sort should set forth the record of the old suit and point out the error.
Pope for appellant, Bibb for appellee.
The decree of the court below must, therefore, be reversed, and the cause remanded with directions to dismiss the proceedings and bill with costs.